UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOP JET ENTERPRISES, LTD., | ) |
| Plaintiff / Judgment-Creditor, | ) |
| vs. | ) Case No. 1:21-MC-00789-RA-KHP |
| DAVID KULOWIEC, | ) Related Case: 1:21-MC-00497-RA-KHP |
| Defendant. | ) |

## DECLARATION OF CAROL LEE IN SUPPORT OF TOP JET ENTERPRISES, LTD.'S MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS

I, Carol Lee, declare as follows:

1. I am counsel at Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). Pillsbury represents Plaintiff Top Jet Enterprises, Ltd. ("Top Jet") in the above-captioned action.

2. I am licensed and in good standing to practice law in the State of New York.

3. I have been personally involved with the litigation of this action since the commencement of this action. This declaration is based on my personal knowledge and a review of the billing statements of Pillsbury.

4. I respectfully submit this declaration in support of Top Jet's motion for an award of attorney fees and costs pursuant to the Order entered by this Court on January 31, 2022 (Dkt. No. 39) (the "Jan. 31 Order").

5. Attached hereto as Ex. 1 is a true and correct copy of copy of the Arbitral Award issued on June 22, 2020 in the matter entitled *In the Matter of An Arbitration Under the Rules of Hong Kong International Arbitration Centre between Top Jet Enterprises Limited and Sino Jet Holding Limited; Skyblueocean Ltd.; and Jet Midwest Group, LLC,* Arbitration Case No. HKIAC/A17071 (the "Hong Kong Arbitration Proceeding").

6. Attached hereto as Ex. 2 is a true and correct copy of the August 6, 2020 Order (Dkt. No. 699) in *Jet Midwest Int'l Co. Ltd. v. Jet Midwest Group, LLC et al.*, W.D.Mo. Case No. 5:18-cv-06019-FJG (the "Fraudulent Transfer Action").

7. Attached hereto as Ex. 3 is a true and correct copy of the transcript of January 5, 2022 hearing.

8. Attached hereto as Ex. 4 is a compilation of true and correct copies of the relevant documents produced by Kulowiec that are discussed in the Memorandum in Support of Top Jet's Motion for Attorney's Fees.

9. Attached hereto as Ex. 5 is a true and correct copy of the transcript of November 19, 2019 trial hearing in the Fraudulent Transfer Action.

10. Attached hereto as Ex. 6 is a true and correct copy of an email dated September 8, 2021 from Mr. Schnitzer.

11. Attached hereto as Ex. 7 is a true and correct copy of the October 25, 2017 Order granting Jet Midwest International's summary judgment in *Jet Midwest Int'l Co. Ltd. v. Jet Midwest Group, LLC*, W.D.Mo. Case No. 17-06005-CV-SJ-DW (the "Term Loan Action").

12. Attached hereto as Ex. 8 is a true and correct copy of the bankruptcy court's tentative rulings granting motion for order approving Trustee's settlement agreement with Top Jet and Jet Midwest International, Co., Ltd. in *In re Jet Midwest Group, LLC*, Case No. 1:21-bk-11524-MT (the "JMG California Bankruptcy Proceeding").

13. Attached hereto as Ex. 9 is a true and correct copy of the Judgment dated August 3, 2021 issued by the Grand Court of the Cayman Islands in Case No. FSD 164 Of 2020 (NSJ).

14. Attached hereto as Ex. 10 is a true and correct copy of the Cost Award issued on December 23, 2020 in the Hong Kong Arbitration Proceeding.

15. Attached hereto as Ex. 11 is a true and correct copy of the April 29, 2021 subpoena *duces tecum* served by Top Jet on Kulowiec.

16. Attached hereto as Ex. 12 is a true and correct copy of the transcript of the September 27, 2021 deposition of Kulowiec in S.D.N.Y. Case No. 1:21-MC-00497-RA-KHP ("Related Case").

17. Attached hereto as Ex. 13 is a true and correct copy of the transcript of the April 25, 2019 deposition of Kulowiec in the Fraudulent Transfer Action.

18. Attached hereto as Ex. 14 is a true and correct copy of an email dated July 1, 2021 from Mr. Schnitzer.

19. Attached hereto as Ex. 15 is a true and correct copy of a letter dated September 19, 2021 from Mr. Schnitzer.

20. Attached hereto as Ex. 16 is a true and correct copy of an email chain dated October 2, 2021 from Top Jet's counsel to Mr. Schnitzer.

21. Attached hereto as Ex. 17 is a true and correct copy of an email chain dated October 3, 2021 from Mr. Schnitzer to Top Jet's counsel.

22. Attached hereto as Ex. 18 is a true and correct copy of 7 Moore's Federal Practice, §37.23.

23. Attached hereto as Ex. 19 are true and correct copies of the time entries at issue as reflected in the billed invoices. We have redacted those time entries with respect to which Top Jet is not seeking to recover fees through this motion. Certain other confidential information (such as tax identification numbers) also has been redacted from the invoices.

24. Top Jet seeks a total of $916,848.81 in attorney's fees and costs incurred from in this proceeding from April 2021 (issuance of the subpoena at the direction of Skyblueocean) to

December 31, 2021, in addition to statutory interest of 9% per annum (N. Y. Civ. Prac. L. & R. §§5003, 5004) from the date of each invoice.

25. Throughout this proceeding, the attorney's fees have been incurred and invoiced on a monthly basis.

26. From time to time, following the submission of attorney invoices, Pillsbury would receive inquiries concerning specific entries in the invoices and seeking clarifications regarding the work performed. I, or a colleague of mine, would respond to such inquiries.

27. The following table lists each attorney with respect to whom fees are being sought. Of the attorneys listed, the core team of attorneys who actively worked on the case – billing over 75 hours – consisted of the following:

28. Geoffrey Sant is a Chinese-speaking partner who has argued the motions before this Court. His bio is available at https://www.pillsburylaw.com/en/lawyers/geoffrey-sant.html.

29. I, Carol Lee, am a Chinese-speaking counsel who have been involved in all aspects of this matter, especially meet-and-confer attempts and deposing Mr. Kulowiec. My bio is available at https://www.pillsburylaw.com/en/lawyers/carol-lee.html.

30. Michelle Ng is a Chinese-speaking attorney who was elevated from senior associate to counsel during the course of this litigation. She has been involved in all aspects of this matter, especially meet-and-confer attempts and legal briefing. Her bio is available at https://www.pillsburylaw.com/en/lawyers/michelle-ng.html.

31. Eric Epstein was a partner who was involved in all aspects of this matter before passing away in September, 2021. An *in memoriam* bio is available at https://www.pillsburylaw.com/en/lawyers/eric-epstein.html.

32. Christopher Sant was formerly a litigator at Simpson, Thacher & Bartlett and is a graduate of Stanford Law School. He stepped in following attorney Eric Epstein's death, and has been involved in all aspects of this matter since November, 2021, particularly preparing legal briefing.

33. Fangwei Wang is a Chinese-speaking associate who has been involved in all aspects of this matter, especially legal research, document production and filing. Her bio is available at https://www.pillsburylaw.com/en/lawyers/fangwei-wang.html.

34. Every single attorney bills Top Jet at a discounted rate, a fact from which Kulowiec benefits.

35. The following table lists each attorney and other staff member with respect to whom fees are being sought.

| Timekeeper | Position | Standard Hourly Rate | Discounted Hourly Rate | Total Hours Worked | Discount |
|---|---|---|---|---|---|
| Sant, Geoffrey | Partner | $ 1,100.00 | $ 825.00 | 254.3 | 25% |
| E. Epstein | Partner | $ 1,095.00 | $ 825.00 | 86 | 25% |
| Flanders, Edward | Partner | $ 1,240.00 | $ 1,116.00 | 47.55 | 10% |
| Ray, III, Hugh M. | Partner | $ 1,105.00 | $ 994.50 | 26.2 | 10% |
| Rennagel, Rachelle L. | Special Counsel | $ 990.00 | $ 985.00 | 13.3 | 1% |
| Lee, Carol | Counsel | $ 970.00 | $ 655.00 | 255.1 | 32% |
| Sant, Christopher | Attorney | $945.00 | $ 810.00 | 113.34 | 14% |
| Ng, Michelle K. | Senior Associate | $ 950.00 | $ 655.00 | 285.4 | 31% |
| Lim, Jenna | Associate | $ 460.00 | $ 396.00 | 3.9 | 14% |
| Wang, Yang | Associate | $ 570.00 | $ 365.00 | 50.5 | 36% |
| Wang, Fangwei | Associate | $ 450.00 | $ 330.00 | 211.2 | 27% |
| Moffat, Gordon | Litigation Support Director | $ 500.00 | $500.00 | 1.2 | 0% |
| Farahjood, John | Litigation Support Specialist | $385.00 | $ 385.00 | 3.3 | 0% |
| Ng, Patrick | Litigation Support Project Management Coordinator | $ 385.00 | $ 346.50 | 7 | 10% |
| Vugrinecz, J. Anthony | Litigation Support Analyst | $ 385.00 | $385.00 | 1.1 | 0% |
| Verma, Ritu | Discovery Analyst | $ 375.00 | $375.00 | 1.1 | 0% |
| Robinson, Tyneka | Managing Clerk | $ 285.00 | $285.00 | 0.7 | 0% |

36.  Ex. 20 hereto provides further information regarding each professional and timekeeper and that individual's role.

37.  According to an article attached hereto as Ex. 21 published by *American Lawyers*, partners and associates in some of the international law firms in New York charge over $1,500 and $1,000, respectively.

38.  According to an article attached hereto as Ex. 22 published by the Center for Justice & Democracy at the New York Law School, the typical contingency fee arrangement for most cases is 33%.

39.  Attached hereto as Ex. 23 is a true and correct copy of the transcript of August 11, 2021 hearing.

40.  Attached hereto as Ex. 24 is a true and correct copy of the transcript of September 9, 2021 hearing.

41. Attached hereto as Ex. 25 is a true and correct copy of document produced as JMG_TRO_001426-1665 in the Fraudulent Transfer Action.

42. Attached hereto as Ex. 26 is a list of the major items of work Top Jet's counsel performed over the course of this discovery dispute.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 11, 2022.

_____
CAROL LEE