## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TOP JET ENTERPRISES, LTD., | ) | |
| | ) | |
| Plaintiff/Judgment-Creditor, | ) | |
| | ) | Case No. 1:21-MC-00789-RA-KHP |
| vs. | ) | |
| | ) | Related Case: 1:21-MC-00497-RA-KHP |
| DAVID KULOWIEC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION IN SUPPORT OF OPPOSITION TO
## PLAINTIFF'S MOTION TO FOR ATTORNEY'S FEES

I, Edward L. Schnitzer, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am over the age of 18 years and am competent and otherwise qualified to make this declaration.  I am a partner of Montgomery McCracken Walker & Rhoads LLP ("MMWR"), attorneys for David Kulowiec ("Kulowiec").

2.      I submit this declaration (the "Declaration") in support of *David Kulowiec's Opposition to Plaintiff's Motion for Attorney's Fees* (the "Opposition").

3.      I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief, and, as to those facts, I am informed, and I believe them to be true.  If called as a witness, I would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated below.

**G. Sant Billed Over 40 Hours on the Motion to Compel**

4.      From October 12 through October 19, Mr. G. Sant's time entries relating to the

motion to compel exceeded 40 hours:



See Top Jet Exhibit 19B (pdf pages 29-32) - Pillsbury Invoice No. 8435784, dated November 8,

2021, pp. 6-9.

**Additional examples of duplicative or unnecessary billing**

    5.      For a single telephonic court conference lasting no more than an hour, 4 senior level

Pillsbury attorneys attended and collectively billed 20.10 hours:



See Top Jet Exhibit 19A (pdf page 41) - Pillsbury Invoice No. 8425381, dated September 10, 2021,

p. 5.

    6.      A 12th year counsel billed over 17 hours and a 14th year partner (who is co-leader of

the firm's China Practice) billed over 6 hours on drafting a 4 pages of text straight forward letter.

An associate attorney then spent 2.2 hours to check on the 2 cases cited:





See Top Jet Exhibit 19A (pdf pages 42-45) - Pillsbury Invoice No. 8425381, dated September 10, 2021, pp. 6-9.  A copy of the corresponding letter is attached as Exhibit 1.

**Top Jet's billing invoices contain numerous instances of block billing entries**

       7.     Examples of block billing from various Pillsbury invoices include:



See Top Jet Exhibit 19B (pdf pages 15, 19) - Pillsbury Invoice No. 8430108, dated October 7, 2021, pp. 14 and 18; Top Jet Exhibit 19B (pdf pages 26, 28-31, 33) - Pillsbury Invoice No. 8435784, dated November 8, 2021, pp. 3, 5-8, 10.

8.      Additional examples of block billing from various invoices Top Jet is claiming as part of their Motion for Attorney's Fees are annexed here as Exhibit 2.

**Pillsbury Has Previously Drafted Numerous Motions to Compel**

9.      Annexed hereto as Exhibit 3 is a schedule identifying a sampling of Motions to Compel filed by the Pillsbury Firm since March of 2018.

10.      One of those motions was the *Motion to Compel Compliance with Subpoena and Suggestions in Support* that was filed by the Pillsbury firm on behalf of Top Jet in District Court in State of Kansas (Case No. 2:21-mc-00201-DDC-JPO, Docket #23), which was filed one month prior to the motion to compel in this case.  Annexed hereto as Exhibit 4 is a copy of that motion.

**Fees Awarded in JMI v. JMG**

11.      The Western District of Missouri granted Pillsbury $2,188,432.40 in fees for two years spent litigating a term loan action and fraudulent transfer action against nine defendants represented by four different law firms in a case that included a temporary restraining order, discovery, depositions, an appeal, and a trial.  *Jet Midwest International Co., Ltd., v. Jet Midwest Group, LLC*, No. 18-cv-06019-FJG (W.D.Mo. Mar. 30, 2021).  Annexed hereto as Exhibit 5 is a copy of the docket report from that action and the order allowing those attorney fees.

**Top Jet Manipulated Joint Venture Structure Chart**

12.      Top Jet claims that it located a joint venture structure chart that Mr. Kulowiec failed to produce (see Motion, p. 17).  Annexed hereto as Exhibit 6a is the copy of that chart which was included in Exhibit 4 to the Declaration of Carol Lee [Dkt. 43-4, p. 13].  Top Jet is incorrect as the chart at issue was produced multiple times.  Annexed hereto as Exhibit 6 are the copies of that chart

which were previously produced to Top Jet's counsel.  Furthermore, the version Top Jet has

attached was improperly manipulated and that is why it shows different words and numbers than the

actual pdf file.  *Compare* Exhibit 6 *with* Exhibit 6a.

**Plaintiff's Counsel Has Historically Claimed Unreasonable Fees**

13.     Plaintiff's counsel Pillsbury has submitted attorney's fees in the past, and courts have

denied and/or significantly reduced them.  *See, e.g., Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,

No. C 10-05696 CRB (N.D.Cal. Sept. 16, 2013); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-

BGS (S.D.Cal. May, 24, 2013); *Doerring v. Schmidt*, No. 06-CV-1251 BEN (NLS) (S.D.Cal. Nov. 5,

2007); *Grape Technology Group, Inc. v. Jingle Networks, Inc.*, No. 09-408 (GMS) (D.Del. Jan. 9, 2012);

*Michilin Prosperity Co. v. Fellowes Manufacturing Co.*, No. 04-1025 (RWR) (D.D.C. March 1, 2017).

Annexed hereto as Exhibit 7 are copies of the attorney fee requests and court determinations for

each of those cases.

14.     When Pillsbury's fees have been granted, courts have often granted far less than the

amount sought, finding that Pillsbury's rates were excessive or that their billing records revealed

wasteful duplication of attorney effort and other non-compensable inefficiencies.  *See, e.g., Hyundai*

*Motor America, Inc. v. Yahala Trading Co.*, 8:19-cv-01413-JVS-DFM (C.D.Cal. Apr. 1, 2020); *Bank of*

*New York v. Janowick*, No. 4:03-cv-00020-JHM-ERG (W.D.Ky. Oct. 29, 2003); *Federal Trade*

*Commission v. AMG Services, Inc.*, 2:12-cv-00536-GMN-VCF (D.Nev. Feb. 28, 2018); *Indyne, Inc. v.*

*Abacus Tech. Corp.*, No. 6:11-cv-137-Orl-22DAB (M.D.Fl. Feb. 25, 2014); *Jet Midwest International Co.,*

*Ltd., v. Jet Midwest Group, LLC*, No. 18-cv-06019-FJG (W.D.Mo. Mar. 30, 2021); *Manning v.*

*Mercatanti, Jr.*, No. ELH-11-2964 (D.Md. Apr. 10, 2014); *San Diego Comic Convention v. Dan Farr*

*Productions*, No. 14-cv-1865-AJB-JMA (S.D.Cal. Oct. 23, 2018); *Wal-Mart Stores, Inc. v. Cuker*

*Interactive, LLC*, no. 5:14-CV-5262 (W.D.Ark. Mar. 31, 2018).  Annexed hereto as Exhibit 8 are

copies of the court determinations for each of those cases.

**The 2018 Subpoena Relating to JMG Owernship and Kulowiec's Confirmation of Such Ownership**

15.     In its motion for attorney fees, Top Jet makes numerous allegations concerning a 2018 subpoena relating to the ownership of JMG.  *See* Attorney Fee Motion, pp. 2-5.  Top Jet fails to provide the subpoena to this Court or disclose to this Court the facts concerning JMG ownership.  Top Jet implies that the 2018 subpoena was issued by Top Jet, but it was not.  The 2018 subpoena was from Jet Midwest International Co. Ltd.  Furthermore, Top Jet failed to disclose that the 2018 subpoena included Kulowiec's written confirmation which stated that JMG's ownership was 79.2% Karen Kraus, .8% Paul Kraus, 9.9% F. Paul Ohadi Trust dtd 12/15/99, and 10.1% Kenneth M. Woolley.  Annexed hereto as Exhibit 9 is a copy of the 2018 subpoena which also contained the Kulowiec confirmation.

**Kulowiec's Inability to Seek Contribution from JMG or Skyblueocean Due to Bankruptcy/Receivership**

16.     Top Jet asserts that that "Kulowiec can seek contribution from his clients." Attorney Fee Motion, p. 8.  Top Jet fails to disclose to this Court that (a) JMG is in a Chapter 7 bankruptcy, (b) Top Jet's counsel also represents the Chapter 7 Trustee, and (c) Skyblueocean is in receivership.  Annexed hereto as Exhibit 10 is a copy of a February 10, 2022 letter from Top Jet counsel relating to the JMG bankruptcy and the Skyblueocean receivership.

**Reasonable Amount of Time to Prepare a Motion to Compel Averages 25.82 Hours**

17.     Courts in this and other Circuits have found between 1.6 and 77.5 hours to be a reasonable amount of time for attorneys to prepare a motion to compel, with an average of 25.82 hours.  Annexed hereto as Exhibit 11 is a Table Summarizing the Decisions Referenced in Footnote 23 of the Opposition.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 14, 2022

*/s/ Edward L. Schnitzer*

Edward L. Schnitzer