UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

TOP JET ENTERPRISES, LTD.,

                                   Plaintiff,

        -against-

DAVID KULOWIEC,

                                   Defendant.

-----------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 4/21/2022

<u>OPINION AND ORDER ON</u>
<u>MOTION FOR ATTORNEY'S FEES</u>

**21-MC-789 (RA) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On January 31, 2022, this Court found that Top Jet Enterprises, Ltd. (Top Jet") was

entitled to attorneys' fees in connection with its successful motion to compel compliance with a

subpoena on David Kulowiec made pursuant to Federal Rule of Civil Procedure 37. (ECF No.

39.) Familiarity with the facts of that decision is presumed.

Top Jet has now submitted its application for fees and costs incurred by its counsel,

Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). (ECF Nos. 41-43.) It seeks $916,848.81 in

attorneys' fees and costs in addition to statutory interest of 9% per annum from the date of

each invoice. The timekeepers identified by Top Jet, together with their hourly rates and hours

worked, are set forth in the chart below.

| Timekeeper | Position | Discounted Hourly Rate | Total Hours Worked |
|------------|----------|------------------------|--------------------|
| Sant, Geoffrey | Partner | $ 825.00 | 254.3 |
| Epstein, Eric | Partner | $ 825.00 | 86 |
| Flanders, Edward | Partner | $ 1,116 | 47.55 |
| Ray, III, Hugh M. | Partner | $ 994.50 | 26.2 |
| Rennagel, Rachelle L. | Special Counsel | $ 985 | 13.3 |
| Lee, Carol | Counsel | $ 655 | 255.1 |
| Sant, Christopher | Attorney | $ 810 | 113.34 |
| Ng, Michelle K. | Senior Associate | $ 655 | 285.4 |

| Lim, Jenna | Associate | $ 396 | 3.9 |
| Wang, Yang | Associate | $ 365 | 50.5 |
| Wang, Fangwei | Associate | $ 330 | 211.2 |
| Moffat, Gordon | Litigation Support Director | $500 | 1.2 |
| Farahjood, John | Litigation Support Specialist | $ 385 | 3.3 |
| Ng, Patrick | Litigation Support Project Management Coordinator | $ 346.50 | 7 |
| Vugrinecz, J. Anthony | Litigation Support Analyst | $385 | 1.1 |
| Verma, Ritu | Discovery Analyst | $375 | 1.1 |
| Robinson, Tyneka | Managing Clerk | $285 | 0.7 |

## LEGAL STANDARD

A district court exercises "considerable discretion" in awarding attorneys' fees.  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. Of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *accord Millea v. Metro-North R. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011).  "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable."  *TufAmerica Inc. v. Diamond*, 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016), *reconsideration granted in part*, 2016 WL 3866578 (S.D.N.Y. July 12, 2016), *and on reconsideration in part*, 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).  Attorneys' fees are awarded by determining a presumptively reasonable fee, or a "lodestar," reached by multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Id.* (citing *Millea*, 658 F.3d at 166); *see also Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011).

When evaluating hourly rates, the Court looks at "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  *Bergerson,* 652 F.3d at 289 (internal citations and quotation marks omitted).  The Second Circuit's "forum rule generally requires use of the hourly rates employed

in the district in which the reviewing court sits in calculating the presumptively reasonable fee."
*Id.* at 290 (internal citation and quotation marks omitted); *see also TufAmerica Inc.*, 2016 WL
1029553, at *5 (the "rate must be in line with those [rates] prevailing in the community for
similar services by lawyers of reasonably comparable skill, experience, and reputation")
(internal citation and quotation marks omitted).  Courts in this District also have recognized
that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence
of" a reasonable hourly rate.  *In re Stock Exchanges Options Trading Antitrust Litig.*, 2006 WL
3498590, at *9 (S.D.N.Y. Dec. 4, 2006).  Finally, the Court may adjust base hourly rates to
account for case-specific variables.  *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d
at 183-184.

When evaluating hours expended, the Court must make "a conscientious and detailed
inquiry into the validity of the representations that a certain number of hours were usefully and
reasonably expended."  *Haley v.* Pataki, 106 F.3d 478, 484 (2d Cir. 1997) (quoting *Lunday v. City
of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)).  In determining whether hours are excessive, "the
critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would
have engaged in similar time expenditures.'"  *Samms v. Abrams*, 198 F. Supp. 3d 311, 322
(S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  "Hours that are
excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such
surplusage, the court has discretion simply to deduct a reasonable percentage of the number of
hours claimed as a practical means of trimming fat from a fee application."  *Kirsch v. Fleet St.,
Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord*

*Alicea v. City of New York,* 272 F. Supp. 3d 603, 608-09 (S.D.N.Y. 2017); *TufAmerica Inc.*, 2016 WL 1029553, at *3.

The Court also looks at the nature of the legal matter and reason for the fee award in considering what is a reasonable rate and reasonable time spent on a matter.  Complex cases requiring particular attorney skills and experience may command higher attorney rates, as may cases requiring retention of a firm with the resources needed to prosecute a case effectively. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184.

## DISCUSSION

The Court has reviewed Plaintiff's motion and finds that Plaintiff utterly failed to meet its burden of showing that the fees requested are reasonable.  First, Plaintiff's application is seeking fees and costs beyond that related to the motion to compel.  This Court only awarded fees in connection with work done on that motion.  Plaintiff is not entitled to attorneys' fees and costs for other work done in connection with this matter, including, without limitation, for time spent preparing for and attending a deposition, review of documents produced, drafting of subpoenas, or meet and confer communications prior to the motion to compel.  *Hindman LLC v. Mihaly*, 2022 WL 19752, at *3 (S.D.N.Y. Jan. 3, 2022); *see also Oleg Cassini, Inc. v. Electrolux Home Prod., Inc.*, 2013 WL 3871394, at *2 (S.D.N.Y. July 26, 2013).

Because Plaintiff failed to break down the time associated with the motion to compel in a narrative or chart format, the Court has been forced to review the voluminous invoices submitted.  From the Court's review of the invoices, it appears that a total of 438.85 hours were spent on the motion to compel, reply brief, sur-reply and oral argument.  The time on the initial motion is reflected on billing records from October and November 2021; the time on the reply

4

is reflected on billing records from December 2021; and the time on the sur-reply and oral

argument is reflected on billing records from January 2022.  (ECF No. 44-1).  Based on the

Court's independent assessment of the billing records, the attorneys and staff who worked on

the motion and the total hours each worked are reflected in the chart below.[1]

| Timekeeper | Position | Hourly Rate Sought | Total Hours Worked on Motion to Compel |
|---|---|---|---|
| Sant, Geoffrey | Partner | $ 825 | 189.3 |
| Flanders, Edward | Partner | $ 1,116 | 31.05 |
| Ray, III, Hugh M. | Partner | $ 994.50 | 4 |
| Rennagel, Rachelle | Special Counsel | $ 985 | 12.9 |
| Lee, Carol | Counsel | $ 655 | 66.10 |
| Sant, Christopher | Attorney | $ 810 | 117.9 |
| Ng, Michelle K. | Senior Associate | $ 655 | 219.30 |
| Lim, Jenna | Associate | $ 396 | 3.9 |
| Wang, Yang | Associate | $ 365 | 66.8 |
| Wang, Fangwei | Associate | $ 330 | 76 |
| Robinson, Tyneka | Managing Clerk | $285 | 0.30 |

Thus, the Court considers the scope of the application to be limited to that reflected in the

Court's own chart.

### A.  Hourly Rates

With respect to hourly rates, Plaintiff failed to provide information on all of the

attorneys and staff whose time is included in the application.  Plaintiff provided a link to the

biographical information on Pillsbury's website for Partner Geoffrey Sant, Counsel Carol Lee,

---

[1] The Court's own review of the billing records resulted in a different number of hours than those identified by Defendant in its opposition brief.  Defendant identified 309.65 hours spent on the moving brief by 7 different attorneys/staff; 264.74 hours on the reply brief by 7 different attorneys/staff; and 40.2 hours on a sur-reply and oral argument by 5 different attorneys/staff.  Also, for two timekeepers, the Court's review resulted in a slightly higher number of hours than included in Plaintiff's chart. Plaintiff identified 113.34 for C. Sant, whereas the Court identified 117.9.  Plaintiff identified 50.5 hours for Yang Wang, whereas the Court identified 66.8, although this discrepancy may be the result of misreading the timesheets by Plaintiff for Y. Wang versus F. Wang, both associates whose billable rates are the same.

Senior Associate Michelle Ng (class year 2012), and Associate Fangwei Wang (class year 2017 from Chinese law school; LLM 2018).  For Christopher Sant, the only information provided is that he graduated from Stanford Law School.[2]  Plaintiff failed to provide information on the remainder of counsel and staff listed on the above chart.

Nonetheless, with respect to partner rates in cases involving complex litigation, courts in this District have approved hourly rates as high as $1,000.  *See Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Research*, 286 F. Supp. 3d 585, 588–89 (S.D.N.Y. 2018) (in commercial litigation, court approved hourly rates for partners of $765 and for associates of up to $450), *aff'd sub nom. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Research*, 2018 WL 3094913 (S.D.N.Y. June 21, 2018), *aff'd*, 768 F. App'x 141 (2d Cir. 2019); *U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Markets*, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (recognizing that partner rates of up to $1,000 per hour are not uncommon in this District for complex litigation matters).  For discovery matters, courts typically award lower rates.  *Hindman LLC*, 2022 WL 19752, at *3 (quoting *Doe v. Delta Airlines, Inc*., 2015 WL 1840264, at *3 (S.D.N.Y. Apr. 21, 2015) ("The prevailing market rates for attorneys" in this District "for fees incurred on discovery motions range from $450 to $600 per hour for partners, and $220 to $400 per hour for associates.")).  Because the matter against Defendant relates to post-judgment discovery and the time incurred was largely discovery-related, I find that the rate of $825 an hour is appropriate for Partners G. Sant, E. Flanders, and H.M. Ray.  Plaintiffs provide no basis for differentiating E. Flanders and H.M. Ray that would justify a higher rate, and based on the work performed, a higher rate is not appropriate for them.

---

[2] From the Court's independent research, it appears his year of graduation from law school was 2002.

With respect to associate and counsel rates, courts in this District have awarded hourly rates ranging from $300 to $750, depending on years of experience. *See, e.g., TufAmerica*, 2016 WL 1029553, at *6 (reasonable rate for associates ranged from $476 to $560 per hour, for junior associates ranged from $375 to $425 per hour); *Rubenstein v. Advanced Equities, Inc.*, 2015 WL 585561, at *6–7 (S.D.N.Y. Feb. 10, 2015) (awarding requested rates of $350 for an associate with four years of experience and another who was a recent law school graduate); *Themis Capital v. Democratic Republic of Congo*, 2014 WL 4379100, at *6–7, *7 n.5 (S.D.N.Y. Sept. 4, 2014) (approving associate rates "from approximately $380 to $682" for associates in case involving "difficult questions of law and fact").  For less complex matters and discovery motions, rates awarded tend to be slightly lower.  *Hindman LLC*, 2022 WL 19752at *3 (S.D.N.Y. Jan. 3, 2022) (finding hourly rates of $220 to $400 for associates reasonable); *Wager v. G4S Secure Integration, LLC*, 2021 WL 4434953, at *7 (S.D.N.Y. Sept. 24, 2021) (recognizing as reasonable $475 per hour for an attorney with 12 years' experience and $350 per hour for an attorney with over five years' experience).

Counsel C. Lee, who spent 66.10 hours on the motion requests a rate of $655.  I find this rate is reasonable given her seniority and position.  Special Counsel R. Rennagel was only minimally involved in the matter and Plaintiff provides no basis for differentiating her from C. Lee.  Thus, I find that the hourly rate of $655 is also appropriate for R. Rennagel.  Senior Associate M.K. Ng performed the lion's share of associate work on the matter—a total of 219.3 hours.  Plaintiff requests a rate of $655 for her.  However, there is no basis for awarding her a rate as high as a Counsel.  I find a rate of $475 per hour is more appropriate for an attorney of her seniority for work on the motion to compel based on rates awarded in this District.  Plaintiff

provides virtually no biographical information for Attorney C. Sant, although he appears to be more senior than M.K. Ng.  Based on the lack of information provided and the range of rates awarded in this District, I find that a rate of $500 per hour is appropriate for C. Sant.  With respect to Associates F. Wang, Y. Wang, and J. Lim, I find the rate of $300 per hour is reasonable and in line with rates awarded for more junior attorneys in this type of matter.  Although Plaintiff requests a slightly higher rate for J. Lim, Plaintiff provides no biographical details and no basis for differentiating her rate from those of the other junior associates.  For this reason, I find that the same rate for all three associates is appropriate.

With respect to the time sought for non-attorney staff, courts in this District generally find that reasonable hourly rates for paralegal and litigation support staff range from $150 to $250.  *See, e.g.*, *Tatintsian v. Vorotyntsev*, 2020 WL 2836718, at *5 (S.D.N.Y. June 1, 2020) (finding "$150 per hour is reasonable for a paralegal in a complex commercial litigation matter"); *H.B. Auto. Grp., Inc. v. Kia Motors Am., Inc.*, 2018 WL 4017698, at *9 (S.D.N.Y. July 25, 2018), *report and recommendation adopted sub nom.*, *H.B. Auto. Grp., Inc. v. Kia Motors Am.*, 2018 WL 4007636 (S.D.N.Y. Aug. 22, 2018) (reducing senior paralegal with 18 years of relevant experience from approximately $215 to $200 per hour); *Vista Outdoor Inc. v. Reeves Fam. Tr.*, 2018 WL 3104631, at *7 (S.D.N.Y. May 24, 2018) ("courts in this District typically award rates not to exceed $200 per hour for paralegals."); *TufAmerica*, 2016 WL 1029553, at *6 (reducing hourly rate for junior paralegals to $150).  Additionally, courts often reduce hourly rates for paralegals when no information was provided as to their experience and expertise.  *See Sid Bernstein Presents, LLC v. Apple Corps Ltd.*, 2018 WL 1587125, at *5 (S.D.N.Y. Mar. 29, 2018) (in copyright case, reducing paralegal rates from $185 to $100 where no information was provided

regarding their experience); *Yea Kim v. 167 Nail Plaza, Inc.*, 2009 WL 77876, at *9 (S.D.N.Y. Jan.

12, 2009) (reducing paralegal rates to $50 because the Court was "given no information

whatsoever as to their experience and expertise").  Because Plaintiff provides no information

on the experience of R. Robinson, I find that $100 is a reasonable rate.

To summarize, the Court awards the following rates for the attorneys and staff who

worked on the motion to compel:

| Timekeeper | Position | Hourly Rate Awarded |
|---|---|---|
| Sant, Geoffrey | Partner | $ 825 |
| Flanders, Edward | Partner | $ 825 |
| Ray, III, Hugh M. | Partner | $ 825 |
| Rennagel, Rachelle | Special Counsel | $ 655 |
| Lee, Carol | Counsel | $ 655 |
| Sant, Christopher | Attorney | $ 500 |
| Ng, Michelle K. | Senior Associate | $ 475 |
| Lim, Jenna | Associate | $ 300 |
| Wang, Yang | Associate | $ 300 |
| Wang, Fangwei | Associate | $ 300 |
| Robinson, Tyneka | Managing Clerk | $ 100 |

**B. Hours Billed**

By the Court's calculation, Plaintiff spent a total of 438.85 hours on the motion to

compel.  The hours actually expended are, of course, not dispositive.  *Foster v. Kings Park Cent.*

*Sch. Dist.,* 174 F.R.D. 19, 27 (E.D.N.Y. 1997).  An award of fees must be limited to the number of

hours reasonably expended.  As the Second Circuit has cautioned: "[A]ttorney's fees are to be

awarded with an eye to moderation, seeking to avoid either the reality or the appearance of

awarding windfall fees."  *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d

1136, 1139 (2d Cir.1983) (internal citations and quotations omitted).  It is patent that counsel's

time spent on the motion to compel was grossly excessive.  This matter has been over-litigated and over-staffed throughout, a theme that carried through on the motion to compel.

To start, there is no reason that one partner and one associate could not have prepared the motion, together with the help of a paralegal.  Additionally, it appears from the Court's review of the invoices that partners and senior level attorneys did work that could have been done by more junior attorneys or staff.  Just by way of example, aggregate partner time (224.35) exceeded aggregate senior associate time (219.30), both of which exceeded aggregate junior associate time (146.7).  Partners and senior attorneys were heavily involved in drafting, performed some research, and Counsel C. Lee undertook tasks such as drafting a deposition notice, preparing subpoenas, cover sheets and cite checking.  In sum, this matter was not staffed appropriately and work was not distributed in a rational way to minimize costs.  This justifies a substantial reduction in hours.  *See Pig Newton, Inc. v. The Bd. Of Dirs. of The Motion Picture Indus. Pension Plan*, 2016 WL 796840, at *7 (S.D.N.Y. Feb. 24, 2016) (reducing awarded attorneys' fees premised, in part, on the "'top-heavy' nature of the legal services provided").  Where work is not properly delegated, courts may reduce the rate for such work to the rate for a paralegal or junior lawyer. *See, e.g., Suggs v. Crosslands Transp., Inc.*, 2015 WL 1443221, at *12 (E.D.N.Y. Mar. 27, 2015) (reducing rate for administrative tasks conducted by attorney, including filing and service of process).

The billing records also show block billing.  Block billing, "although disfavored, does not automatically preclude recovery for the hours billed by counsel."  *Benihana, Inc. v. Benihana of Tokyo, LLC*, 2017 WL 6551198, at *3 (S.D.N.Y. Dec. 22, 2017).  "[C]ourts make reductions to block-billed hours in circumstances when (1) there is reason to believe that the hours billed

were independently unreasonable; (2) the block billing involved aggregating tasks that were not

all compensable; or (3) the number of hours block billed together was so high (such as five

hours or more) so as to create an unacceptable risk that the aggregated total exceeded the

reasonable hours worked on compensable tasks." *Id.* (citation omitted).  Here, all three factors

are present in some of the entries, which further justifies a reduction in hours.

The Court's review also revealed instances of vague entries and excessive research.  For

example, the nature of the research is not always identified, and some entries are as general as

"work on motion" without specifying whether the work is drafting, revising, editing, etc.  This

also justifies a reduction.  *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d

606, 646 (S.D.N.Y. 2018) (reducing hours in fee award for vague and block entries ); *Optima

Media Group Ltd. v. Bloomberg, L.P.*, 2022 WL 992828, at *4 (S.D.N.Y. Mar. 31, 2022) (reducing

fee request in part for vagueness of application); *Trustees of the Bricklayers & Allied

Craftworkers Local 5 New York Retirement, Welfare & Training Funds v. Helmer–Cronin Const.,

Inc.,* 2005 WL 3789085 at *5 (S.D.N.Y. Oct.24, 2005) (twenty percent reduction in the total

number of hours billed was warranted based on record replete with vague entries such as,

"Study and Review file," "Telephone call with client," "Letter to Silkey," and "Research"); *Tucker

v. Mukasey*, 2008 WL 2544504 at *2 (S.D.N.Y. June 20, 2008) (applying percentage reduction in

hours billed on basis of vagueness because entries "fail[ed] to describe adequately the nature

of the calls, the contents of the reports or documents, or the topics of discussions"); *Cooper v.

Sunshine Recoveries, Inc.*, 2001 WL 740765, at *3-4 (S.D.N.Y. June 27, 2001) (reducing hours for

excessive interoffice communications); *Pascuiti v. New York Yankees*, 108 F. Supp. 2d 258, 271

(S.D.N.Y. 2000) (stating that time spent on internal conferences is "harder to verify and therefore more likely to be excessive").

The Court has broad authority to make across-the-board percentage cuts in hours, as opposed to an item-by-item approach, to arrive at the reasonable hours expended. *Williams v. Epic Sec. Corp.,* 368 F. Supp. 3d 651, 656–57 (S.D.N.Y. 2019). Courts in this District have applied percentage reductions of up to fifty percent to address overbilling issues, driven by case and billing specifics. *See, e.g., Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64–65 (2d Cir. 2014) (upholding "an across-the-board 50 percent reduction" in hours); *Alicea,* 272 F. Supp. 3d at 612 (where plaintiff's counsel engaged in numerous instances of excessive and unjustified billing, the court found that "[a] fifty percent cut in this case is warranted"); *Lora v. Grill on 2nd LLC*, 2018 WL 5113953, at *1–2 (S.D.N.Y. Oct. 19, 2018) ("In light of the seeming lack of complexity of the legal and procedural issues at play and counsel's time and labor, the Court finds that the fee request should be reduced by 50%."); *Hines v. 1025 Fifth Ave. Inc.,* 2015 WL 4006126, at *7 (S.D.N.Y. June 30, 2015) ("I find that a fifty (50) percent reduction in the total number of hours expended is necessary to correct for excessive billing, over litigation, and counsel's utter failure to exercise billing judgment."); *Tucker v. City of New York*, 704 F. Supp. 2d 347, 355 (S.D.N.Y. 2010) ("[U]sing multiple attorneys in a simple case, which this certainly was, poses the serious potential—fully realized in this instance—for duplication of work or overstaffing."). Here, not only was the billing patently excessive, but Plaintiff utterly failed to justify the expenditure of these hours, failed to provide complete information on the experience of the attorneys, and forced the Court to weed through hundreds of pages of materials wholly extraneous to the instant motion to ascertain the time spent on the motion to compel. The Court also takes into

account its own knowledge about the amount of time that generally is appropriate to draft and

prepare a motion to compel, which is far fewer than 438.85 hours (which equates to

approximately 10 full work weeks).  In these extreme circumstances, an even larger discount is

warranted.  But for the fact that Plaintiff succeeded in its motion to compel and an award under

Rule 37 is mandatory, the Court would deny the motion in its entirety given how poorly the

Plaintiff supported its application for fees, its inclusion of excessive and extraneous information

and argument in its brief and failure to comply with the Court's order limiting the application to

fees and costs associated with the motion to compel.

Accordingly, I find a 75% reduction in total hours is appropriate here.  In sum, the Court

will recognize the following total hours for the following timekeepers who worked on the

motion to compel.

| Timekeeper | Position | Hours Reasonably Expended |
|---|---|---|
| Sant, Geoffrey | Partner | 47.33 |
| Flanders, Edward | Partner | 7.76 |
| Ray, III, Hugh M. | Partner | 1 |
| Rennagel, Rachelle | Special Counsel | 3.23 |
| Lee, Carol | Counsel | 16.53 |
| Sant, Christopher | Attorney | 29.48 |
| Ng, Michelle K. | Senior Associate | 54.83 |
| Lim, Jenna | Associate | 1 |
| Wang, Yang | Associate | 16.7 |
| Wang, Fangwei | Associate | 19 |
| Robinson, Tyneka | Managing Clerk | .30 |

### C. Costs & Interest

Although a plaintiff is normally entitled to costs, Plaintiff here failed to provide any

explanation for costs incurred in connection with the motion.  Accordingly, no costs are

awarded.  Plaintiff cites to no authority for application of a 9% interest rate running from the date of invoices.  Thus, Plaintiff's request for such interest is denied.

**CONCLUSION**

In sum, the Court awards the Plaintiff $111,041.30 in attorneys' fees in respect of its successful motion to compel.  This number is based on the Court's computation of the rates awarded against the hours the Court found reasonable.  Defendant shall pay this amount within 30 days of this Opinion and Order.  This resolves the motion at ECF No. 41.  The Court also grants the motion to seal at ECF No. 40.  With resolution of this application, this matter may be closed.

**SO ORDERED.**

DATED:      New York, New York
            April 21, 2022

KATHARINE H. PARKER
United States Magistrate Judge